**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 15-cv-00709-MEH

ROBERT HULS,

    Plaintiff,

vs.

PROGRESSIVE FINANCE HOLDINGS, LLC,

    Defendant.

**ORDER GRANTING PROGRESSIVE'S
UNOPPOSED MOTION TO COMPEL ARBITRATION**

**Blackburn, J.**

The matter before me is **Progressive's Unopposed Motion To Compel Arbitration** [#8],[1] filed May 13, 2015.[2]  As indicated by the title of the motion, plaintiff agrees that the claims made in this lawsuit are subject to arbitration under the terms of a lease between the parties.  The court therefore will grant the motion.

The parties have agreed that this matter should be stayed pending arbitration.  (*See* **Stipulation To Stay Proceedings Pending Completion of Arbitration** [#15], filed June 15, 2015.)  Although this stipulation prevents the court from dismissing the

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] After this motion was filed, the parties submitted their **Stipulation To Stay Proceedings Pending Completion of Arbitration** [#15], filed June 15, 2015.  Although the parties represent that they intend the stipulation to supersede the motion to compel, they did not move to withdraw the motion, and their stipulation is not self-effectuating.  The court therefore rules on the still-pending motion.

case outright,[3] *see Hickey v. Brinker International Payroll Company, L.P.*, 2014 WL 622883 at *5 (D. Colo. Feb. 18, 2014) (citing **Armijo v. Prudential Insurance Co. v. America**, 72 F.3d 793, 796–97 (10th Cir. 1995)), I nevertheless find and conclude that the matter should be closed administratively, subject to reopening for good cause.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Progressive's <u>Unopposed</u> Motion To Compel Arbitration** [#8], filed May 13, 2015, is granted;

2. That these proceedings are stayed pending further order;

3. That under D.C.COLO.LCivR 41.2, this action is closed administratively; and

4. That under D.C.COLO.LCivR 41.2, the clerk is directed to close this civil action administratively, subject to reopening for good cause.

Dated June 16, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[3] It is not clear to this court why the matter should be stayed, rather than dismissed outright, since it appears from the terms of the lease that the decision of the arbitrator is final and binding, and not subject to review by this court. ***See Hickey v. Brinker International Payroll Company,*** *L.P.*, 2014 WL 622883 at *5 (D. Colo. Feb. 18, 2014).